## BRUNNING v. BROCK et al.
## CAMPBELL v. SAME.
### Nos. 5917, 5918.

Court of Appeal of Louisiana.
Second Circuit.

April 28, 1939.

Rehearing Denied June 28, 1939.

Certiorari Denied Oct. 30, 1939.

Blanchard, Goldstein, Walker & O'Quin and Ben C. Dawkins, Jr., all of Shreveport, for appellant.

Arthur C. Watson, of Natchitoches, and Henry W. Bethard, Jr., of Coushatta, for appellees.

HAMITER, Judge.

Thomas E. Brunning, Jr., and Olan Campbell, both students of Louisiana State Normal College at Natchitoches, Louisiana, were injured on the night of October 22, 1936, when the automobile in which they were passengers was struck by another motor vehicle. The first mentioned machine was owned and operated at the time by Professor A. G. Alexander, head of the English Department of the named institution. Solidary awards of damages against C. B. Brock and C. E. Brock are asked by the students in these suits, which have been consolidated for purposes of trial.

Defendants deny responsibility for the accident and injuries and particularly deny that the offending vehicle belonged to either of them.

The judgments of the trial court condemn defendant C. B. Brock to pay to Brunning $1,810, and to Campbell $727.50. The demands against C. E. Brock were rejected. Appeals were perfected by C. B. Brock; therefore the judgments in so far as the other defendant is concerned are not before us for review.

Plaintiffs accompanied Professor Alexander on a trip from Natchitoches to

Shreveport on the above mentioned date. While returning that night over U. S. Highway 71, and proceeding in a southerly direction, the car in which they were riding was brought to a stop because of flares and other warning signals then being displayed at a point several miles south of Loggy Bayou bridge. A collision between two motor vehicles had previously occurred there and made necessary the display.

Professor Alexander parked his machine as far on the right side of the highway as an existing metal guard rail would permit, and "about a minute or so" after the parking was effected, and while plaintiffs were in the act of alighting therefrom, it was struck from behind by another motor vehicle, resulting in the injuries complained of.

Traveling together along the highway toward the south at the time of the parking, near the location in question, were six trucks. These were hauling cement from Shreveport to an oil well location in Red River Parish, Louisiana, pursuant to a contract had between appellant, C. B. Brock, and one W. J. Hunter. The first truck, in obedience to the aforementioned warning signals, was brought to a stop on the highway. The second proceeded into the ditch on the left or east side. The third one halted behind the first. The fourth came to rest after running into the first truck. The progress of the remaining two was checked before they became involved in any collision.

Considerable dispute exists as to which vehicle struck the Alexander car. It is the testimony of Professor Alexander that following the impact he descended from his machine and "saw that a truck had hit us". He states, "I did not see it when it struck my car, but I got out and walked around and saw that the truck had hit my car and made it swerve and then had gone on down and was stopped by hitting another truck that was in front of it." A written memorandum of the license number borne by the truck that allegedly did the striking was immediately made by him. This number was 590—219, and was affixed to the fourth machine of the fleet. With further reference to the identification, he testifies: "It could not have been any other car. After I got out I saw that the truck that struck me was stopped by another truck. This truck had hit me and turned me around, it could not have been any other." Professor Alexander's testimony, which is corroborated by that of the two plaintiffs and in some respects by that of a witness offered by defendants, is convincing that the cement truck fourth in the line of travel caused plaintiffs' injuries.

It is obvious that the collision was due solely to the negligence of the operator of the offending truck in that proper control thereof was not then being exercised by him. The Alexander car was at a standstill, with its rear light burning, and flares were in use at the scene.

The most serious question in the case concerns the ownership of the truck that carried license number 590-219 and struck the Alexander car. If it was owned by C. B. Brock, then the judgment against him is correct; for it is undisputed that the hauling of cement was being performed pursuant to his instructions and by reason of his contract with Hunter. Appellant Brock contends, however, that such machine was the property of his brother, C. E. Brock, and was being employed at the time by the latter under a sub-contract entered into between the two.

The record contains the following stipulation of counsel: "It is admitted that the license bureau records show the trailer license number 590—219 was issued in the name of C. B. Brock." In view of this admission, the presumption is that the truck in question belonged to appellant, C. B. Brock. This presumption is strengthened by the fact that said appellant made a cash settlement with Professor Alexander for the damages sustained by the latter's automobile. "Proof that a motor vehicle was registered in the name of the defendant as owner is a mere presumption, having force until rebutted, but, until overcome by competent evidence, it makes out a prima facie case of ownership of the vehicle." Blashfield's Cyclopedia of Automobile Law & Practice, Permanent Edition, Vol. 9, § 6054.

The trial judge, in rendering judgment against C. B. Brock and rejecting plaintiffs' demands in so far as C. E. Brock is concerned, evidently concluded that such presumption was not satisfactorily rebutted; and we are unable to say that he erred in that respect.

The facts with reference to the issue of ownership were peculiarly within the knowledge of the defendants. Access to various records and to testimony of disinterested witnesses that would conclusively prove this disputed matter was theirs; yet they failed to avail themselves of such:

The only proof in the record on the point consists of the testimony of the defendants and of some of their associates, all of whom are interested parties. The mentioned conclusion of fact will not be disturbed.

The quantum fixed by the district judge in each case is not questioned by either appellant or appellees. Therefore, no change therein will be made by us.

The judgments are affirmed.